Zambie **HENDERSON**, Plaintiff–Appellant,

v.

**LOUISIANA DEPARTMENT OF CORRECTIONS; Richard L. Stalder; Kelly Ward; Earl Benson; Michael Rhodes; Sarah Bilberry; Johnnie Sumlin; John Robinson**, Defendants–Appellees.

No. 03–30338
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 22, 2003.

Zambie Henderson, Homer, LA, pro se.

Eddie David Gilmer, Assistant Attorney General, Office of the Attorney General for the State of Louisiana, Shreveport, LA, for Defendant–Appellee.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**54**

PER CURIAM:*

Zambie Henderson, Louisiana prisoner # 335649, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action for failure to exhaust his administrative remedies. He asserts that because his first prison grievance was dismissed as untimely, he exhausted his administrative remedies on his claims of an improper seizure of his legal materials. Henderson has not established that a grievance that is dismissed as untimely constitutes an exhausted administrative remedy. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.2003).

Henderson also asserts that he filed a second prison grievance challenging the constitutionality of prison regulations after his lawsuit was filed and that this grievance procedure was completed while his suit was pending. He has not established that his administrative remedies were exhausted before his lawsuit was filed. *See* 42 U.S.C. § 1997e(a); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir.1998).

Henderson has not shown that the district court erred in dismissing his civil rights lawsuit. *See Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir.1999). Consequently, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

